■ In the Matter of STATE OF NEW YORK, Respondent, v CHARADA T., Appellant. [967 NYS2d 70]—

Orders, Supreme Court, New York County (Patricia Nuñez, J.), entered on or about January 6, 2012, which, upon a jury finding of mental abnormality, and upon a finding made after a dispositional hearing that respondent is a dangerous sex offender requiring confinement, committed him to a secure treatment facility, unanimously affirmed, without costs.

The court erred in permitting the State expert to testify regarding respondent's admission, in a presentence report, that he was in the vicinity when a rape, with which he was never charged, was committed. While this statement was sufficiently reliable to show that respondent was in the vicinity of the rape, it was not reliable for the purpose of showing that he committed the rape (*see Matter of State of New York v Floyd Y.*, 102 AD3d 80, 84, 87 [1st Dept 2012]). Nevertheless, this error was harmless given the expert's reliance on two brutal sexual assaults to which respondent pleaded guilty and a third that he admitted committing, and given the court's appropriate limiting instructions, which served to dispel any prejudice (*see id.* at 87).

The court properly permitted the State's expert to testify regarding evaluations by sex offender program staff indicating that respondent "did not understand his sexual assault cycle,"

that he minimized his criminal conduct, and that his treatment was "unsuccessful" (*see Floyd Y.*, 102 AD3d at 86). Indeed, Mental Hygiene Law § 10.08 (c) provides that the State is entitled to request "any and all records and reports relating to the respondent's commission or alleged commission of a sex offense, the institutional adjustment and any treatment received by such respondent, and any medical, clinical or other information relevant to a determination of whether the respondent is a sex offender requiring civil management."

Respondent failed to preserve his argument that the court's alleged evidentiary errors deprived him of due process (*see Matter of State of New York v Trombley*, 98 AD3d 1300, 1302 [4th Dept 2012], *lv denied sub nom. Matter of State of New York v Jody J.T.*, 20 NY3d 856 [2013]). In any event, the argument lacks merit (*see generally Matter of State of New York v Enrique T.*, 93 AD3d 158, 172 [1st Dept 2012], *lv dismissed* 18 NY3d 976 [2012]). Concur—Andrias, J.P., Friedman, Moskowitz, DeGrasse and Feinman, JJ.