■ In the Matter of STATE OF NEW YORK, Respondent, v ENRIQUE T., Appellant. [981 NYS2d 72]—

Order of commitment, Supreme Court, Bronx County (Colleen D. Duffy, J.), entered March 1, 2012, which, upon a jury

verdict that respondent suffers from a mental abnormality and a finding that he is a dangerous sex offender requiring confinement, committed respondent to a secure treatment facility, unanimously affirmed, without costs. Appeal from second amended decision and order after trial, same court and Justice, entered on or about February 15, 2012, unanimously dismissed, without costs, as superseded by the appeal from the order of commitment. Appeal from order, same court and Justice, entered on or about February 15, 2012, which ordered respondent's pretrial detention, unanimously dismissed, without costs.

Respondent is barred by the fugitive-disentitlement doctrine from challenging the pretrial detention order since he absconded and never complied with the order (*see e.g. Wechsler v Wechsler*, 45 AD3d 470 [1st Dept 2007]). In any event, respondent concedes that his instant challenge to the constitutionality of the pretrial civil detention provisions of Mental Hygiene Law § 10.06 (k) is foreclosed by our decision in a prior appeal in this proceeding (*Matter of State of New York v Enrique T.*, 93 AD3d 158 [1st Dept 2012], *lv dismissed* 18 NY3d 976 [2012]).

Respondent failed to preserve his argument that the handwritten homework assignments completed as part of his participation in a sex offender treatment program were disclosed in violation of the privacy rule promulgated by the United States Department of Health and Human Services (45 CFR parts 160, 164) and the Health Insurance Portability and Accountability Act (HIPAA) (Pub L 104-191, 110 US Stat 1936 [codified in various titles of the United States Code]) and therefore could not be entered into evidence at his trial in this Mental Hygiene Law article 10 proceeding (*see Matter of State of New York v Charada T.*, 107 AD3d 528 [1st Dept 2013], *lv granted* 22 NY3d 857 [2013]). Respondent failed to object to testimony pertaining to these records at his probable cause hearing and, in fact, his counsel expressly relied on respondent's prior sex offender treatment as evidence that respondent no longer suffered from a mental abnormality within the meaning of Mental Hygiene Law § 10.03 (i). In any event, respondent's argument is without merit. Because article 10 expressly requires that these records be considered by the Commissioner of Mental Health in determining whether respondent is a "sex offender requiring civil management" (*see* Mental Hygiene Law § 10.05 [e], [g]), the limited disclosure here was permitted under HIPAA's privacy rule (*see Matter of New York City Health & Hosps. Corp. v New York State Commn. of Correction*, 19 NY3d 239, 246 [2012], citing 45 CFR 164.512 [a]; *Arons v Jutkowitz*, 9 NY3d 393, 414 [2007]). Even if the disclosure failed to comply with

the procedural requirements of the privacy rule, HIPAA does not mandate exclusion of the records from evidence in the circumstances of this case (*cf. Matter of Miguel M. [Barron]*, 17 NY3d 37, 45 [2011]).

We have considered respondent's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Acosta, Renwick, Freedman and Manzanet-Daniels, JJ.