In the Matter of STATE OF NEW YORK OFFICE OF MENTAL HEALTH, Respondent, v DENNIS J., Appellant. [5 NYS3d 425]—

Order, Supreme Court, New York County (Laura A. Ward, J.), entered on or about August 6, 2013, which, upon a jury finding of mental abnormality, and upon a nonjury finding made after a dispositional hearing that respondent is a dangerous sex offender requiring confinement, committed him to a secure treatment facility, unanimously affirmed, without costs.

The court properly permitted one of the State's experts to testify about an email message sent to him during trial by a social worker who had recently been treating respondent in the psychiatric center at which he was confined at the time. Re-

spondent failed to preserve his contention that the testimony violated the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) and the privacy rules promulgated by the United States Department of Health and Human Services (45 CFR parts 160, 164), and we decline to review it in the interest of justice. Respondent also waived his argument by affirmatively relying on his sex offender treatment at the same psychiatric center that employed the social worker as evidence that he no longer suffers from a mental abnormality (*see Matter of State of New York v Enrique T.*, 114 AD3d 618, 619 [1st Dept 2014], *appeal dismissed* 23 NY3d 1011 [2014]). Were we to review the argument, we would find that it is without merit (*see id.* at 619-620).

The court providently exercised its discretion in admitting the expert's testimony (*see Matter of State of New York v John S.*, 23 NY3d 326, 344 [2014]). The State established the reliability of the email at issue through the expert's testimony that it was written by a social worker who had recently treated respondent (*see Matter of State of New York v Floyd Y.*, 22 NY3d 95, 109 [2013]). Further, the probative value of the testimony at issue substantially outweighed any prejudice (*see id.*). The court minimized any prejudice by instructing the jury to consider the social worker's statements solely as the basis for the expert's opinion, rather than for their truth (*see John S.*, 23 NY3d at 346).

Respondent's due process challenge to the admission of the expert's testimony is unpreserved, since he failed to assert a timely constitutional claim at trial, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits (*see Floyd Y.*, 22 NY3d at 109). Moreover, we find that any error in the admission of the testimony was harmless (*see Matter of State of New York v Charada T.*, 23 NY3d 355, 362 [2014]). Concur—Sweeny, J.P., Renwick, Saxe, Manzanet-Daniels and Gische, JJ.