■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NORGADO VAZQUEZ, Appellant. [50 NYS3d 347]—

Order, Supreme Court, New York County (Gregory Carro, J.),

entered February 9, 2016, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The People obtained records of defendant's prison sex offender treatment by serving a subpoena on the Department of Corrections and Community Supervision that was neither court-ordered nor on notice to defendant. However, we find that, to the extent there was any violation of the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) and its accompanying privacy rules (45 CFR parts 160, 164), there is no basis for a remand for further proceedings.

In a letter to the court requesting a downward departure from his presumptive risk level, defendant relied heavily on his completion of sex offender treatment as a mitigating factor, specifically asserting that the treatment changed his outlook and behavior, and caused him to accept responsibility for the sex crimes he committed against two children. Accordingly, although defendant did not rely on the treatment records themselves, he affirmatively put his treatment in issue and thus waived his claim that the records were improperly obtained (see Matter of State of N.Y. Off. of Mental Health v Dennis J., 126 AD3d 537, 537-538 [1st Dept 2015]; Matter of State of New York v Enrique T., 114 AD3d 618, 619 [1st Dept 2014], appeal dismissed 23 NY3d 1011 [2014]).

In any event, we find that any error was harmless. The treatment records contained evidence that defendant continued to blame one or both of his child victims for the crimes he committed, and failed to truly accept responsibility. However, defendant, who was assessed an undisputed 125 points, was assessed no points for failing to accept responsibility. Furthermore, the court had ample grounds on which to deny a downward departure, and its remarks, when viewed as a whole, indicate that the records contributed little or nothing to its sound determination.

In light of the foregoing, we find it unnecessary to reach the People's other arguments for affirmance. Concur—Friedman, J.P., Sweeny, Renwick, Andrias and Manzanet-Daniels, JJ.