■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT O'CONNOR, Appellant. [64 NYS3d 536]—

Order, Supreme Court, New York County (Patricia M. Nuñez, J.), entered on or about July 7, 2016, which adjudicated defendant a level three sexually violent offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C), unanimously affirmed, without costs.

The court providently exercised its discretion when it declined to grant defendant's request for a downward departure to level two (*see People v Gillotti*, 23 NY3d 841 [2014]). Defendant's prior felony sex crime conviction automatically resulted in an override to a risk level three, regardless of any point assessments, and there were no mitigating factors that were not adequately taken into account by the risk assessment instrument, or that outweighed the seriousness of the underlying offense.

Although the People obtained records of defendant's prison sex offender treatment by serving a subpoena on the Department of Correction and Community Supervision that was neither court-ordered nor on notice to defendant, we find that, to the extent there was any violation of the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) and its accompanying privacy rules (45 CFR parts 160, 164), or of any applicable CPLR provisions, there is no basis for a remand for further proceedings. In seeking a downward departure from his presumptive risk level, defendant relied, in part, on his completion of sex offender treatment as a mitigating factor, and as such, he affirmatively put his treatment at issue, and thus waived his claims that the records were improperly obtained (*see People v Vazquez*, 148 AD3d 601, 602 [1st Dept 2017]).

In any event, we find the error harmless. The court had ample grounds on which to deny the downward departure, including defendant's failure to truly accept responsibility.

We decline to revisit our determination in *Vazquez*, and we find unpersuasive defendant's attempts to distinguish that case. Concur—Manzanet-Daniels, J.P., Mazzarelli, Kapnick and Webber, JJ.