People v Fuhrtz (2020 NY Slip Op 01197)





People v Fuhrtz


2020 NY Slip Op 01197


Decided on February 19, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 19, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-10799

[*1]People of State of New York, respondent,
v
Domincio Fuhrtz, appellant. Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (John M. Castellano, Johnnette Traill, Ellen C. Abbot, and Charles T. Pollak of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Barry Kron, J.), dated August 29, 2018, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In October 2012, the defendant was convicted, after a jury trial, of rape in the first degree and criminal sexual act in the first degree. He was sentenced to a determinate term of imprisonment of seven years to be followed by a period of postrelease supervision of five years. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the parties agreed to rely upon their written submissions, the defendant was designated a level two sex offender. The defendant was assessed a total of 100 points. The Supreme Court, after concluding that the Board of Examiners of Sex Offenders (hereinafter the Board) should not have assessed 5 points under risk factor 9 for the defendant's prior criminal history, excluded those 5 points and assessed a total of 95 points. On appeal, the defendant challenges the assessment of points under risk factors 1 and 7, and the denial of his request for a downward departure.
A court making a SORA risk-level determination is required to " render an order setting forth its determinations and the findings of fact and conclusions of law on which the determinations are based'" (People v Somodi, 170 AD3d 1056, 1056-1057, quoting Correction Law § 168-n[3]). Here, although the Supreme Court did not adequately set forth its findings of fact and conclusions of law, remittal is not required, as the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Somodi, 170 AD3d at 1057; People v Crandall, 90 AD3d 628, 629).
"Correction Law § 168-n(3) requires the People to prove facts to support [a] defendant's SORA risk-level designation by clear and convincing evidence" (People v Sincerbeaux, 27 NY3d 683, 687). In assessing points, evidence may be derived from, inter alia, the defendant's admissions, the victim's statements, case summaries prepared by the Board or any other reliable source, including reliable hearsay (see People v Crandall, 90 AD3d at 629).
We agree with the Supreme Court's determination that clear and convincing evidence [*2]supported the assessment of 30 points under risk factor 1 (use of violence, armed with a dangerous instrument). The evidence was undisputed that during the time the defendant committed the subject sex offenses, he displayed a handgun to the victim. Contrary to the defendant's contention, the People did not have to prove that the gun was loaded and operable for it to qualify as a dangerous instrument within the context of a SORA hearing (see People v Pettigrew, 14 NY3d 406, 409). Moreover, in assessing points, the court was not limited to consideration of the crimes of which the defendant was convicted (see People v Burrowes, 177 AD3d 1005, 1006).
We also agree with the Supreme Court's determination that clear and convincing evidence supported the assessment of 20 points under risk factor 7 (relationship with victim, stranger or established for purpose of victimizing). Here, it was undisputed that the defendant committed the subject sex offenses against the victim on the same day he responded to an online adult services advertisement posted by the victim. Contrary to the defendant's contention, he and the victim were strangers within the meaning of SORA, as the offenses were committed on the same day of their first meeting (see People v Lewis, 178 AD3d 864; People v Smith, 144 AD3d 652, 653; People v Mitchell, 142 AD3d 542, 543; People v Mabee, 69 AD3d 820). Moreover, under the circumstances, it can reasonably be inferred that the defendant's online relationship with the victim was established for the purpose of victimizing her (see People v Burrowes, 177 AD3d at 1006-1007).
Finally, the defendant was not entitled to a downward departure from his presumptive risk level designation. "A defendant seeking a downward departure from the presumptive risk level has the burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the alleged mitigating factors consisting of the defendant's supportive family and community and his young age at the time of the commission of the subject sex offenses were adequately taken into account by the Guidelines. Moreover, the defendant failed to demonstrate how family and community support established a lower likelihood of reoffense or danger to the community (see People v Saintilus, 169 AD3d 838, 839). As far as the defendant's young age of 17 years at the time the offenses were committed is concerned, an offender's age of 20 or younger at the time of the offense is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Adams, 174 AD3d 828, 829).
Accordingly, we agree with the Supreme Court's designation of the defendant as a level two sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court