People v Young (2020 NY Slip Op 05066)





People v Young


2020 NY Slip Op 05066


Decided on September 23, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 23, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
WILLIAM F. MASTRO
RUTH C. BALKIN
SYLVIA O. HINDS-RADIX, JJ.


2017-06393

[*1]People of State of New York, respondent,
v
David Young, appellant.


Paul Skip Laisure, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Morgan J. Dennehy of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Michael J. Brennan, J.), dated June 8, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2011, the defendant was convicted, upon his plea of guilty, of sex trafficking. The Board of Examiners of Sex Offenders (hereinafter the Board) assessed the defendant a total of 140 points, which, if accepted by the Supreme Court, would make him a presumptive level three sex offender. In addition, the Board noted that the defendant was subject to an automatic override to a presumptive level three classification based on his prior conviction of rape in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA), the court upheld the Board's assessment of points, applied the automatic override, and denied the defendant's request for a downward departure from the presumptive risk level, designating him a level three sex offender. On this appeal, the People concede that the defendant was incorrectly assessed a total of 45 points under risk factors 2 and 4, and the defendant additionally contests the assessment of points under risk factors 1 and 7 and the denial of his request for a downward departure.
The People failed to meet their burden, by clear and convincing evidence (see People v Pettigrew, 14 NY3d 406, 408), of demonstrating that the assessment of 15 points under risk factor 1 was proper, since the evidence did not establish that the defendant inflicted physical injury upon the complainant within the meaning of Penal Law § 10.00(9) (see e.g. People v Williams, 146 AD3d 906; People v Perry, 122 AD3d 775; People v Baksh, 43 AD3d 1072). Nevertheless, as the defendant concedes, 10 points should have been assessed under risk factor 1 for his use of forcible compulsion, resulting only in a net reduction of 5 points under that risk factor (see People v Aller, 164 AD3d 1381).
We agree with the Supreme Court's determination that clear and convincing evidence supported the assessment of 20 points under risk factor 7 based on the defendant's establishment of a relationship with the complainant primarily for the purpose of victimizing her (see e.g. People v Burrowes, 177 AD3d 1005). The complainant's grand jury testimony, standing alone, overwhelmingly supported the assessment of points under this risk factor. Accordingly, given the [*2]People's concession and the reduction of 5 points under risk factor 1, the defendant should have been assessed a total of 90 points. Although this point total would ordinarily result in a level two designation, the defendant's prior felony sex crime conviction "automatically resulted in an override to a risk level three, regardless of any point assessments" (People v O'Connor, 156 AD3d 442, 442).
We also agree with the Supreme Court's denial of the defendant's request for a downward departure from his presumptive level three designation. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating circumstances identified by the defendant, consisting of his completion of a Sex Offender Counseling and Treatment Program (hereinafter SOCTP), some vocational training while incarcerated, a promise of employment upon his release, and the support of his wife and family, were either adequately taken into account by the Guidelines (see People v Burrowes, 177 AD3d at 1007; People v Kotzen, 100 AD3d 1162, 1163), or did not warrant a downward departure to avoid an overassessment of his dangerousness and risk of sexual recidivism (see People v McKinney, 173 AD3d 1074, 1075; People v Somodi, 170 AD3d 1056, 1058; People v Jonas, 168 AD3d 775, 775-776).
Although the defendant contends that his SOCTP treatment records were confidential and should not have been admitted into evidence over his counsel's objection at the SORA hearing, any error that may have occurred in the admission of the SOCTP records with regard to the assessment of points under risk factor 7 was harmless because, as we stated above, disregarding the SOCTP records entirely, the other evidence presented by the People provided ample basis for the Supreme Court's determination as to that risk factor (see People v O'Connor, 156 AD3d at 442; People v Vazquez, 148 AD3d 601, 602), and because the records were otherwise irrelevant given the application of the automatic override to a presumptive level three sex offender designation based on the defendant's prior felony sex crime conviction and the defendant's failure to establish the existence of mitigating circumstances.
The defendant's remaining contentions are without merit.
SCHEINKMAN, P.J., MASTRO, BALKIN and HINDS-RADIX, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court