People v Roelofsen (2021 NY Slip Op 04044)





People v Roelofsen


2021 NY Slip Op 04044


Decided on June 23, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 23, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-14602

[*1]The People of the State of New York, respondent,
v
Jonathan Roelofsen, appellant. Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.


Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Christopher Blira-Koessler, and Natasha Pooran of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Leslie G. Leach, J.), dated December 10, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [Sex Offender Registration Act (hereinafter SORA)] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the alleged mitigating factors cited by the defendant in support of his application were adequately taken into account by the Guidelines, including the defendant's supportive family and community (see Guidelines at 17-18), his successful completion of treatment programs (see Guidelines at 15-16), his plans to reenter the community (see Guidelines at 17), and his young age at the time of the commission of the sex offenses (see Guidelines at 13). Moreover, the defendant failed to demonstrate how family and community support established a lower likelihood of reoffense or danger to the community (see People v Fuhrtz, 180 AD3d 944, 947; People v Saintilus, 169 AD3d 838, 839). As to the defendant's age at the time of the sex offenses, an offender's age of 20 or younger at the time of the offense is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Adams, 174 AD3d 828, 829). Additionally, although an offender's response to treatment if exceptional can be the basis for a downward departure (see Guidelines at 17; People v Hawthorne, 158 AD3d 651, 653-654; People v Washington, 84 AD3d 910, 911), here, the evidence at the hearing failed to demonstrate by a preponderance of the evidence that the defendant's response to treatment was exceptional.
The defendant's remaining contentions are without merit.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court