People v Satornino (2021 NY Slip Op 06871)





People v Satornino


2021 NY Slip Op 06871


Decided on December 8, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 8, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
CHERYL E. CHAMBERS
WILLIAM G. FORD
DEBORAH A. DOWLING, JJ.


2019-11024

[*1]The People of the State of New York, respondent,
v
Warren Satornino, appellant.


Laurette D. Mulry, Riverhead, NY (Amanda E. Schaefer of counsel), for appellant.
Timothy D. Sini, District Attorney, Riverhead, NY (Timothy P. Finnerty of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated September 5, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 1984, the defendant was convicted, upon a jury verdict, of attempted rape in the first degree and reckless endangerment in the second degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 135 points, and designated him a level three sex offender. The defendant appeals.
The defendant contends that certain records relating to his Sex Offender Counseling and Treatment Program were obtained in violation of the Health Insurance Portability and Accountability Act of 1996 (Pub L 104-191, 110 US Stat 1936) and its accompanying privacy rules (45 CFR parts 160, 164). Thus, he contends that those records should not have been admitted into evidence at the SORA hearing with regard to the assessment of points under risk factor 12 (acceptance of responsibility). This contention is unpreserved for appellate review, since the defendant did not raise this ground at the SORA hearing (see generally People v Mosqueda, 172 AD3d 1412, 1413; People v Destio, 145 AD3d 1047, 1048). In any event, any error in the admission of those records was harmless (see People v Young, 186 AD3d 1546, 1548). The other evidence presented by the People, which included, inter alia, statements contained in the case summary (see People v Mingo, 12 NY3d 563, 573) that the defendant was previously expelled from two sex offender treatment programs (see People v George, 142 AD3d 1059, 1060; People v Grigg, 112 AD3d 802, 803), provided ample basis for the County Court's determination as to that risk factor (see People v Young, 186 AD3d at 1548; People v O'Connor, 156 AD3d 442).
Although the defendant contends that 15 points should not have been assessed under risk factor 1 (use of violence, inflicted physical injury), an elimination of those points would not change the defendant's presumptive risk level.
The defendant's remaining contentions either are without merit or need not be reached [*2]in light of our determination.
Accordingly, the County Court properly designated the defendant a level three sex offender.
RIVERA, J.P., CHAMBERS, FORD and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court