People v Santana (2022 NY Slip Op 01471)





People v Santana


2022 NY Slip Op 01471


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
CHERYL E. CHAMBERS
SHERI S. ROMAN
JOSEPH A. ZAYAS, JJ.


2020-06445

[*1]The People of the State of New York, respondent,
v
Francisco Santana, appellant.


Patricia Pazner, New York, NY (Rebecca J. Gannon of counsel), for appellant.
Melinda Katz, District Attorney, Kew Gardens, NY (Johnnette Traill, Nancy Fitzpatrick Talcott, and Marina Arshakyan of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Queens County (Ira Margulis, J.), dated July 8, 2020, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2008, the defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree. Prior to his scheduled release from prison, the Board of Examiners of Sex Offenders assessed the defendant a total risk factor score of 160 points, making him a presumptive level three sex offender.
At a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant did not challenge the Board's calculation of his risk factor score. Instead, the defendant asked the court to downwardly depart from risk level three to risk level two. The Supreme Court denied the application, and designated the defendant a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Contrary to the defendant's contention, the Supreme Court properly denied his application for a downward departure, since he failed to demonstrate the existence of a mitigating factor that tended to establish a lower likelihood of reoffense or danger to the community (see People [*2]v Gillotti, 23 NY3d at 861; People v Roelofsen, 195 AD3d 962, 963; People v Saintilus, 169 AD3d 838, 839).
Accordingly, the Supreme Court properly designated the defendant a level three sex offender.
BRATHWAITE NELSON, J.P., CHAMBERS, ROMAN and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court