People v Coleman (2022 NY Slip Op 01469)





People v Coleman


2022 NY Slip Op 01469


Decided on March 9, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
CHERYL E. CHAMBERS
LINDA CHRISTOPHER
JOSEPH A. ZAYAS, JJ.


2020-06127

[*1]The People of the State of New York, respondent,
v
Jayson Coleman, appellant.


Patricia Pazner, New York, NY (Dina Zloczower of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated June 29, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of attempted rape in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 75 points, and designated him a level two sex offender. On appeal, the defendant challenges the assessment of points under risk factor 7 (relationship with victim) and the denial of his application for a downward departure.
Any error that may have occurred in the admission of the defendant's Sex Offender Counseling and Treatment Program records with regard to the assessment of points under risk factor 7 was harmless since the Supreme Court's determination that the defendant's crime was directed at a stranger is supported by clear and convincing evidence without consideration of those records (see People v Satornino, 200 AD3d 813; People v Young, 186 AD3d 1546, 1548). The other evidence presented by the People, which included, inter alia, a grand jury synopsis sheet that provided that the defendant was identified by the victim in a lineup on July 8, 2017, and that during an interview on that date, the defendant stated that he met the victim only once, sufficiently established that the defendant was a stranger to the victim (see People v Luna, 187 AD3d 805; People v Fuhrtz, 180 AD3d 944, 946; People v Mitchell, 142 AD3d 542, 543; People v Sooknanan, 119 AD3d 540, 540; People v Serrano, 61 AD3d 946, 947).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor [*2]to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant identifies, among other factors, his accomplishments in prison, acceptance of responsibility, and a supportive network. However, the factors cited by the defendant were adequately taken into account by the Guidelines (see People v Fuhrtz, 180 AD3d at 947; People v Lewis, 173 AD3d 784, 786; People v King, 72 AD3d 1363, 1364). Moreover, although an offender's response to treatment, if exceptional, can be the basis for a downward departure, here, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Pryor, 199 AD3d 1033; People v Barrott, 199 AD3d 1029; People v Vasquez, 197 AD3d 1185).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and properly designated him a level two sex offender.
DUFFY, J.P., CHAMBERS, CHRISTOPHER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court