People v Zambrano (2023 NY Slip Op 02135)

People v Zambrano

2023 NY Slip Op 02135

Decided on April 26, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 26, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

BETSY BARROS, J.P.
CHERYL E. CHAMBERS
JOSEPH A. ZAYAS
HELEN VOUTSINAS, JJ.

2021-08326

[*1]The People of the State of New York, respondent,
v
Antonio Zambrano, appellant. Laurette D. Mulry, Riverhead, NY (Lisa Marcoccia of counsel), for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated October 20, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of course of sexual conduct against a child in the second degree. In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant's acceptance of responsibility and satisfactory conduct while confined were adequately taken into account by the Guidelines (see People v Williams, 204 AD3d 710, 711; People v Coleman, 203 AD3d 851, 853; People v Adams, 174 AD3d 828, 829-830). The defendant's successful completion of a sex offender treatment program also was adequately taken into account by the Guidelines (see Guidelines at 15-16; People v Roelofsen, 195 AD3d 962, 963). Thus, the defendant failed to satisfy his burden of identifying an appropriate mitigating factor that was not adequately taken into account by the Guidelines. Accordingly, the Supreme Court properly denied the defendant's request for a downward departure and designated him a level two sex [*2]offender.
BARROS, J.P., CHAMBERS, ZAYAS and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court