People v Quezada (2024 NY Slip Op 04582)

People v Quezada

2024 NY Slip Op 04582

Decided on September 25, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 25, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
JOSEPH J. MALTESE
LINDA CHRISTOPHER
LAURENCE L. LOVE, JJ.

2022-06595

[*1]The People of the State of New York, respondent, 
v
Oscar Quezada, appellant. 

Patricia Pazner, New York, NY (Anna V. Boksenbaum of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Evan A. Esswein of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Heidi C. Cesare, J.), dated June 2, 2022, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon a plea of guilty, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, 130.75[1][b]). In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C), the Supreme Court assessed the defendant 95 points on the risk assessment instrument, denied his application for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Khan, 182 AD3d 613, 614; see People v Gillotti, 23 NY3d at 861).
Here, the defendant's satisfactory conduct in prison, his acceptance of responsibility, and his participation in sex offender treatment were adequately taken into account by the Guidelines (see People v Pareja-Hidalgo, 222 AD3d 892, 893; People v Zambrano, 215 AD3d 989, 989; People v Williams, 204 AD3d 710, 711). "'Moreover, although a defendant's response to sex offender treatment may qualify as a ground for a downward departure where the response is exceptional, here, the defendant failed to establish that his response to such treatment was exceptional'" (People v Pareja-Hidalgo, 222 AD3d at 893, quoting People v Saunders, 209 AD3d 776, 778; see People v Del-Carmen, 186 AD3d 878, 879).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
BRATHWAITE NELSON, J.P., MALTESE, CHRISTOPHER and LOVE, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court