People v Davidson (2024 NY Slip Op 05992)

People v Davidson

2024 NY Slip Op 05992

Decided on November 27, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 27, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
WILLIAM G. FORD
LAURENCE L. LOVE
JAMES P. MCCORMACK, JJ.

2021-01236

[*1]The People of the State of New York, respondent, 
v
Edwin Davidson, appellant.

Patricia Pazner, New York, NY (Tara Kumar of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Shlomit Heering of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J), dated February 10, 2021, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On March 2, 2018, the defendant was convicted, upon his plea of guilty, of attempted course of sexual conduct against a child in the first degree (Penal Law §§ 110.00, 130.75[1][a]). Following a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 95 points on the risk assessment instrument and designated him a level two sex offender. The defendant appeals.
Although the defendant contends that his Sex Offender Counseling and Treatment Program (hereinafter SOCTP) records were confidential and should not have been admitted into evidence over his counsel's objection at the SORA hearing, the defendant signed a partial waiver of confidentiality that permitted these records to be reviewed to evaluate his risk level. Furthermore, any error that may have occurred in the admission of the SOCTP records was harmless (see People v Coleman, 203 AD3d 851, 852; People v Satornino, 200 AD3d 813, 813; People v Young, 186 AD3d 1546, 1548). The evidence presented by the People, which included, inter alia, the case summary created by the Board of Examiners of Sex Offenders, provided ample basis for the Supreme Court's determination as to the defendant's points assessment (see People v Coleman, 203 AD3d at 851; People v Satornino, 200 AD3d at 813; People v Young, 186 AD3d at 1548). The defendant's contention that the admission of his SOCTP records may have affected the court's determination on his request for a downward departure is speculative and without basis in the record.
Here, the Supreme Court properly denied the defendant's request for a downward departure. While "[a]n offender's response to treatment, if exceptional, can form the basis for a downward departure" (People v Jimenez, 178 AD3d 1099, 1100), the defendant failed to establish by a preponderance of the evidence that his response to treatment was exceptional (see People v Leung, 191 AD3d 1023; People v Desnoyers, 180 AD3d 1080; People v Jimenez, 178 AD3d 1099).
Further, although debilitating illness and advanced age may constitute a basis for a downward departure (see People v Wallason, 169 AD3d 728, 729), the defendant here failed to prove that either his age at the time of the SORA hearing, 58 years old (see People v Medina, 225 AD3d [*2]798, 798), or his cancer diagnosis and chemotherapy treatment (see People v Samuels, 199 AD3d 1034, 1034), constituted appropriate mitigating factors that minimized his risk of reoffense.
CONNOLLY, J.P., FORD, LOVE and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court