People v Carnegie (2024 NY Slip Op 06369)

People v Carnegie

2024 NY Slip Op 06369

Decided on December 18, 2024

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 18, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LINDA CHRISTOPHER
HELEN VOUTSINAS
PHILLIP HOM, JJ.

2023-03669

[*1]The People of the State of New York, respondent,
v
Elijah Carnegie, appellant.

Patricia Pazner, New York, NY (Ava C. Page and Zachory Nowosadzki of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Kaley Hanenkrat of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered March 15, 2023, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant was convicted in North Carolina of second degree forcible rape, in violation of North Carolina General Statutes § 14-27.22. Upon his relocation to New York, the Board of Examiners of Sex Offenders prepared a risk assessment instrument in accordance with the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), which presumptively classified the defendant a level two sex offender. At a SORA hearing, the defendant sought a downward departure from the presumptive risk level. The Supreme Court denied the defendant's application for a downward departure and designated him a level two sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 6 [2006] [hereinafter Guidelines]; People v Medina, 209 AD3d 775, 776). "'If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Lundy, 223 AD3d 920, 921, quoting People v Collazo, 179 AD3d 1103, 1104).
Here, the alleged mitigating factors consisting of the defendant's supportive family and his young age at the time of the commission of the subject sex offense were adequately taken into account by the Guidelines (see People v Roelofsen, 195 AD3d 962, 963; People v Fuhrtz, 180 AD3d 944, 947). Moreover, the defendant failed to demonstrate how his family support established a lower likelihood of reoffense or danger to the community (see People v Flores-Hernandez, 219 [*2]AD3d 1533, 1534; People v Saintilus, 169 AD3d 838, 839). As to the defendant's age of 19 years at the time of the sex offense, an offender's age of 20 or younger at the time of the offense is deemed to be an aggravating factor rather than a mitigating factor (see Guidelines at 13; People v Tleis, 222 AD3d 1012, 1013; People v Roelofsen, 195 AD3d at 963).
The defendant's remaining contention is without merit.
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., CHRISTOPHER, VOUTSINAS and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court