People v Rodriguez (2020 NY Slip Op 03134)





People v Rodriguez


2020 NY Slip Op 03134


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
LEONARD B. AUSTIN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2018-14648

[*1]People of State of New York, respondent,
v
Lino Rodriguez, appellant. Paul Skip Laisure, New York, NY (Alice R. B. Cullina of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Matthew J. D'Emic, J.), dated October 25, 2018, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
On May 7, 2004, after a jury trial, the defendant was convicted of course of sexual conduct against a child in the first degree (Penal Law § 130.75[1][b]) and two counts of criminal sexual act in the first degree (Penal Law § 130.50[4]). Prior to the defendant's release from prison, a risk assessment instrument (hereinafter RAI) was prepared pursuant to the Sex Offender Registration Act (see Correction Law art 6-C; hereinafter SORA). The defendant was assessed a total of 165 points, within the range for a presumptive designation as a level three sex offender.
At the SORA hearing, the defendant requested a downward departure from his presumptive risk level and contested 30 points assessed against him on the RAI. Specifically, the defendant challenged the assessment of 15 points under risk factor 11 (history of drug and alcohol abuse). He also contested 5 of the 15 points assessed under risk factor 12 (for being expelled from treatment for disciplinary reasons) and 10 of the 20 points assessed under risk factor 13 (for unsatisfactory conduct while confined, with sexual misconduct). The Supreme Court agreed with the defendant as to risk factor 11, such that no points were assessed by the court, and as to risk factor 13, such that only 10 points were assessed by the court. Still within the range of a presumptive level three designation, the defendant was assessed a total of 140 points. The court then denied the defendant's request for a downward departure and designated him a level three sex offender. The
defendant appeals.
While the People concede on appeal that the defendant should have been assessed only 10 points instead of 15 points under risk factor 12, this adjustment only reduces the defendant's total points to 135, and he remains a presumptive level three sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by [*2]weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate that a downward departure from his presumptive risk level was warranted. The defendant's score on the Static-99R, which is a risk assessment tool different from New York's RAI (see People v Curry, 158 AD3d 52, 60), suggesting a "low" likelihood of reoffense, does not, by itself, constitute a mitigating factor justifying a downward departure from the presumptive risk level (see People v Santos, 174 AD3d 658, 659).
Although advanced age may constitute a basis for a downward departure (see Guidelines at 5; People v Benoit, 145 AD3d 687, 688; People v Santiago, 137 AD3d 762, 765), we agree with the Supreme Court's determination that the defendant's age of 48 years did not qualify for such consideration or result in an overassessment of the defendant's risk to public safety. The defendant's claim of a lower likelihood of reoffense due to his age is belied by his disciplinary record while incarcerated.
The support of the defendant's family was adequately taken into account under the Guidelines (see People v Adams, 174 AD3d 828; People v MacCoy, 155 AD3d 897, 898).
With respect to the additional factors in favor of a downward departure alleged by the defendant, he failed to prove the existence of these factors by a preponderance of the evidence (see People v Wyatt, 89 AD3d at 128).
Accordingly, we agree with the Supreme Court's determination denying the defendant's request for a downward departure from the presumptive risk level and designating him a level three sex offender.
RIVERA, J.P., AUSTIN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court