People v McDaniel (2020 NY Slip Op 07606)





People v McDaniel


2020 NY Slip Op 07606


Decided on December 16, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on December 16, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
SHERI S. ROMAN
SYLVIA O. HINDS-RADIX
LINDA CHRISTOPHER, JJ.


2020-00570

[*1]People of State of New York, respondent,
v
William McDaniel, appellant. Paul Skip Laisure, New York, NY (Meredith S. Holt of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Vincent M. Del Giudice, J.), dated June 12, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, after a jury trial, inter alia, of rape in the second degree (two counts) and criminal sexual act in the second degree. At a hearing pursuant to the Sex Offender Registration Act (see Correction Law art 6-C [hereinafter SORA]), the Supreme Court denied the defendant's application for a downward departure from his presumptive risk level and adjudicated the defendant a level three sex offender. The defendant appeals.
The Supreme Court failed to set forth findings and conclusions of law, as mandated by Correction Law § 168-n(3). However, remittal is not required since the record in this case is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Thompson, 186 AD3d 1544; People v Medina, 180 AD3d 818).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter SORA Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to prove by a preponderance of the evidence that a downward departure from the presumptive risk level was warranted. While advanced age may constitute a basis for a downward departure (see SORA Guidelines at 5; People v Thorpe, 186 AD3d [*2]629), the defendant, who committed the subject offenses when he was in his early to mid-30s, failed to demonstrate that his age of 49 years at the time of the SORA hearing constituted an appropriate mitigating factor and minimized his risk of reoffense (see People v Del-Carmen, 186 AD3d 878; People v Rodriguez, 184 AD3d 588; People v Jimenez, 178 AD3d 1099; People v Saintilus, 169 AD3d 838).
The defendant also failed to demonstrate by a preponderance of the evidence that family support and his educational and vocational achievements were appropriate mitigating factors that were otherwise not taken into account by the SORA Guidelines (see People v Rodriguez, 184 AD3d at 589; People v Jimenez, 178 AD3d at 1100; People v Adams, 174 AD3d 828, 828-829; People v Santogual, 157 AD3d 737, 738). In any event, the defendant failed to demonstrate by a preponderance of the evidence that these circumstances resulted in the overassessment of his risk to public safety (see People v Saintilus, 169 AD3d at 839).
The defendant's remaining contentions are without merit.
Accordingly, we agree with the Supreme Court's determination denying the defendant's application for a downward departure from his presumptive risk level and designating him a level three sex offender.
DILLON, J.P., AUSTIN, ROMAN, HINDS-RADIX and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court