People v Jones (2021 NY Slip Op 04243)





People v Jones


2021 NY Slip Op 04243


Decided on July 7, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 7, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
CHERYL E. CHAMBERS
ROBERT J. MILLER
COLLEEN D. DUFFY
PAUL WOOTEN, JJ.


2019-05688

[*1]People of State of New York, respondent,
v
Robert Jones, appellant.


Paul Skip Laisure, New York, NY (Ava C. Page of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Arieh Schulman of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from a judgment of the Supreme Court, Kings County (Deborah Dowling, J.), dated October 8, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the judgment is affirmed.
The defendant pleaded guilty to sexual abuse in the first degree (Penal Law § 130.65[4]) and endangering the welfare of a child (Penal Law § 260.10[1]). Prior to his release from prison, at a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 75 points under the risk assessment instrument, which would have placed him within the range for a presumptive level two designation. However, based upon the defendant's prior felony sex crime convictions, the Board of Examiners of Sex Offenders recommended that the defendant be classified as a level three sex offender pursuant to an automatic override (see People v Rodriguez, 170 AD3d 902, 902; People v Balcuns, 161 AD3d 1018, 1018). The Supreme Court denied the defendant's request for a downward departure, and adjudicated him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant identified an appropriate mitigating factor, his success in his sex offender treatment programs, that could provide a basis for a discretionary downward departure since "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Rodriguez, 170 AD3d at 903). However, the defendant failed to [*2]demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Rodriguez, 170 AD3d at 903).
Further, contrary to the defendant's contention, the fact that he scored in the low risk category on the Static-99R actuarial risk assessment instrument did not qualify, on its own, as an appropriate mitigating factor (see People v Curry, 158 AD3d 52, 61). Moreover, the other circumstances cited by the defendant in support of his application for a downward departure were adequately taken into account under the Guidelines (see Guidelines at 13-15, 17-18; People v McDaniel, 189 AD3d 1279, 1280).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure.
LASALLE, P.J., CHAMBERS, MILLER, DUFFY and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court