People v Ellison (2021 NY Slip Op 05035)





People v Ellison


2021 NY Slip Op 05035


Decided on September 22, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on September 22, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
LEONARD B. AUSTIN
BETSY BARROS
VALERIE BRATHWAITE NELSON
LINDA CHRISTOPHER, JJ.


2018-02789

[*1]People of State of New York, respondent,
v
Robert Ellison, appellant.


James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Carrie A. Ciganek of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Rockland County (David S. Zuckerman, J.), dated November 27, 2017, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 110 points, denied his request for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant contends that his alleged exceptional response to sex offender treatment constituted a mitigating factor warranting a downward departure from the presumptive risk level. Although a response to treatment may qualify as a ground for a downward departure where the response is "exceptional" (Guidelines at 17; see People v Washington, 84 AD3d 910, 911), the defendant failed to establish the facts in support of that ground by a preponderance of the evidence (see People v Smith, 194 AD3d 767; People v Lopez, 193 AD3d 992; People v Belle, 193 AD3d 989; People v Ralph, 170 AD3d 900, 902). Accordingly, the defendant's request for a downward departure was properly denied and the defendant was properly designated a level three sex offender.
DILLON, J.P., AUSTIN, BARROS, BRATHWAITE NELSON and CHRISTOPHER, JJ., concur.
ENTER:
Maria T. Fasulo
Acting Clerk of the Court