People v Pryor (2021 NY Slip Op 06640)





People v Pryor


2021 NY Slip Op 06640


Decided on November 24, 2021


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 24, 2021
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
ROBERT J. MILLER
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
DEBORAH A. DOWLING, JJ.


2020-01851

[*1]The People of the State of New York, respondent,
v
Arthur Pryor, appellant. Janet E. Sabel, New York, NY (Denise Fabiano of counsel), for appellant.


Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Nicole Hsuan on the brief), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated February 6, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The Supreme Court properly denied the defendant's application for a downward departure. A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also SORA: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Jones, 196 AD3d 515, 516).
Here, the defendant identified as a mitigating factor his response to sex offender treatment, which may provide a basis for a discretionary downward departure if his response to treatment was "exceptional" (Guidelines at 17; see People v Ellison, 197 AD3d 1258, 1259; People v Jones, 196 AD3d at 516; People v Rodriguez, 170 AD3d 902, 903; People v Santiago, 137 AD3d 762, 764). However, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (see People v Ellison, 197 AD3d at 1259; People v Jones, 196 AD3d at 516; People v Rodriguez, 170 AD3d at 903; People v Santiago, 137 AD3d at 764; People v Dyson, 130 AD3d 600, 600-601).
The additional mitigating factors cited by the defendant in support of his application either were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Young, 186 AD3d 1546, 1548; People v Burrowes, 177 AD3d 1005, 1007), or did not warrant a downward departure (see People v Burrowes, 177 AD3d at 1007; People v Saintilus, 169 [*2]AD3d 838, 839).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
DILLON, J.P., MILLER, CONNOLLY, IANNACCI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court