People v Sneed (2022 NY Slip Op 01055)





People v Sneed


2022 NY Slip Op 01055


Decided on February 16, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 16, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

HECTOR D. LASALLE, P.J.
FRANCESCA E. CONNOLLY
ANGELA G. IANNACCI
PAUL WOOTEN, JJ.


2019-01638

[*1]People of State of New York, respondent,
v
Don Sneed, appellant.


Patricia Pazner, New York, NY (Samuel Barr of counsel; Rebecca Tunis on the brief), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Jean M. Joyce, and Nicole Leibow of counsel), for respondent.



DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Deborah A. Dowling, J.), dated January 7, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant appeals from his designation as a level two sex offender pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA).
Where, as here, a defendant seeks a downward departure from the presumptive risk level, the defendant has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006]). If this twofold showing is made, the court then "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to prove the existence of any mitigating factors that are of a kind or to a degree not adequately taken into account by the Guidelines. The defendant's family support, employment, disciplinary record while confined, and young age at the time of his first sex offense were all adequately taken into account by the Guidelines (see People v Young, 186 AD3d 1546, 1548; People v Thompson, 186 AD3d 1544, 1545; People v Zamora, 186 AD3d 885, 886; People v Edmee, 183 AD3d 766, 767-768). Further, the defendant failed to demonstrate that his response to sex offender treatment was exceptional (see People v Ellison, 197 AD3d 1258, 1259; People v Smith, 194 AD3d 767, 768; People v Powell, 188 AD3d 734, 735).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level, and properly designated him a level two sex [*2]offender.
LASALLE, P.J., CONNOLLY, IANNACCI and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court