People v Aitken (2022 NY Slip Op 01186)





People v Aitken


2022 NY Slip Op 01186


Decided on February 23, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
REINALDO E. RIVERA
PAUL WOOTEN, JJ.


2019-13158
2020-03156

[*1]The People of the State of New York, respondent,
v
Geraldo Aitken, appellant.


Janet E. Sabel, New York, NY (Jose David Rodriguez Gonzalez of counsel), for appellant.
Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart of counsel; Amy Azzopardi on the brief), for respondent.



DECISION & ORDER
Appeals by the defendant from (1) an order of the Supreme Court, Richmond County (Alexander Jeong, J.), dated September 24, 2019, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C, and (2) so much of an order of the same court dated January 13, 2020, as, upon renewal, adhered to the original determination in the order dated September 24, 2019.
ORDERED that the appeal from the order dated September 24, 2019, is dismissed, without costs or disbursements, as that order was superseded by the order dated January 13, 2020, made upon renewal; and it is further,
ORDERED that the order dated January 13, 2020, is affirmed insofar as appealed from, without costs or disbursements.
The defendant pleaded guilty to rape in the second degree (Penal Law § 130.30[1]). Prior to his release from prison, at a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the defendant was assessed 105 points under the risk assessment instrument, which would have placed him within the range for a presumptive level two designation. However, the Board of Examiners of Sex Offenders recommended that the defendant be designated a level three sex offender pursuant to an automatic override based upon the defendant's prior felony sex crime conviction. The Supreme Court denied the defendant's application for a downward departure and designated him a level three sex offender. Thereafter, the defendant moved for leave to renew his application for a downward departure, and upon renewal, the court adhered to the original determination designating him a level three sex offender. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People [*2]v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
Here, the defendant failed to demonstrate that a downward departure was warranted. While "a defendant's response to treatment may qualify as a ground for a downward departure where the response is exceptional" (People v Wallace, 144 AD3d 775, 776; see Guidelines at 17; People v Ellison, 197 AD3d 1258, 1259), the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Pryor, 199 AD3d 1033; People v Ellison, 197 AD3d at 1259). The alleged additional mitigating factors cited by the defendant were adequately taken into account by the Guidelines (see People v Gillotti, 23 NY3d at 861; People v Barrott, 199 AD3d 1029; People v Baez,199 AD3d 1027; People v Fuhrtz, 180 AD3d 944, 947) or do not warrant a departure from the presumptive risk level.
Accordingly, upon renewal, the Supreme Court properly adhered to its original determination designating the defendant a level three sex offender.
DILLON, J.P., BRATHWAITE NELSON, RIVERA and WOOTEN, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court