People v Scott (2022 NY Slip Op 02570)

People v Scott

2022 NY Slip Op 02570

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
ROBERT J. MILLER
JOSEPH A. ZAYAS, JJ.

2019-12729

[*1]The People of the State of New York, respondent,
v
Jermaine L. Scott, appellant. 

Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Melissa Wachs of counsel), for respondent.
Patricia Pazner, New York, NY (Samuel Barr of counsel), for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Danny K. Chun, J.), dated October 9, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of promoting prostitution in the second degree. After a hearing pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), at which the defendant sought a downward departure from his presumptive risk level two designation, the Supreme Court designated the defendant a level two sex offender.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720).
The fact that the total points assessed to the defendant were near the low end of the range for a presumptive level two designation did not, by itself, constitute grounds for a downward departure (see People v Nicholson, 195 AD3d 758; People v Zapata, 186 AD3d 761, 762).
Although "[a]n offender's response to treatment, if exceptional, can be the basis for a downward departure" (Guidelines at 17; see People v Ellison, 197 AD3d 1258, 1259; People v Wallace, 144 AD3d 775, 776), the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was exceptional (see People v Pryor, 199 AD3d 1033; People v Ellison, 197 AD3d at 1259).
The defendant's family support was adequately taken into account by the Guidelines (see People v Barrott, 199 AD3d 1029, 1030; People v Baez, 199 AD3d 1027, 1028; People v Fuhrtz, 180 AD3d 944, 947).
The additional mitigating factors cited by the defendant in support of his application for a downward departure are unpreserved for appellate review (see People v Satornino, 200 AD3d 813; People v Mosqueda, 172 AD3d 1412, 1413), were adequately taken into account by the Guidelines, or do not warrant departure from the presumptive risk level two designation (see People v Gillotti, 23 NY3d at 861).
Accordingly, the Supreme Court properly designated the defendant a level two sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MILLER and ZAYAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court