People v Lee (2022 NY Slip Op 02569)

People v Lee

2022 NY Slip Op 02569

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
LINDA CHRISTOPHER
LARA J. GENOVESI
DEBORAH A. DOWLING, JJ.

2021-05357

[*1]The People of the State of New York, respondent,
v
Andrew Lee, appellant. 

Michael E. McMahon, District Attorney, Staten Island, NY (Morrie I. Kleinbart and George D. Adames of counsel), for respondent.
Raymond J. Aab, New York, NY, for appellant.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Richmond County (Marina Cora Mundy, J.), dated November 19, 2020, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 80 points, denied his request for a downward departure from his presumptive risk level, and designated him a level two sex offender. The defendant challenges the denial of his request for a downward departure.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Alvarado, 173 AD3d 909, 910; see People v Gillotti, 23 NY3d at 861).
The Supreme Court properly denied the defendant's application for a downward departure. Here, the defendant identified as a mitigating factor his response to sex offender treatment, which may provide a basis for a discretionary downward departure if his response to treatment was "exceptional" (Guidelines at 17; see People v Ellison, 197 AD3d 1258, 1259; People v Mitchell, 196 AD3d 516, 516; People v Rodriguez, 170 AD3d 902, 903; People v Santiago, 137 AD3d 762, 764). However, the defendant failed to demonstrate by a preponderance of the evidence that his response to treatment was "exceptional" (Guidelines at 17; see People v Ellison, 197 AD3d at 1259; People v Mitchell, 196 AD3d at 516; People v Rodriguez, 170 AD3d at 903; People v Santiago, 137 AD3d at 764; People v Dyson, 130 AD3d 600, 600-601).
The defendant's remaining contentions are unpreserved for appellate review, since the defendant did not raise these arguments at the SORA hearing (see People v Satornino, 200 AD3d 813; People v Mosqueda, 172 AD3d 1412, 1413), and, in any event, are without merit (see People v Jones, 197 AD3d 1348, 1349).
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure and designated him a level two sex offender.
CONNOLLY, J.P., CHRISTOPHER, GENOVESI and DOWLING, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court