People v Drayton (2022 NY Slip Op 05100)

People v Drayton

2022 NY Slip Op 05100

Decided on August 31, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 31, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
BETSY BARROS
REINALDO E. RIVERA
ROBERT J. MILLER, JJ.

2020-00237

[*1]The People of the State of New York, respondent,
v
Chancellor Drayton, appellant.

Patricia Pazner, New York, NY (William Kastin of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove and Anthea H. Bruffee of counsel; Robert Ho on the brief), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), dated December 4, 2019, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted of course of sexual conduct against a child in the first degree and rape in the first degree for acts he committed against a nine-year-old girl who, as a result of the defendant's actions, became pregnant and underwent a second-trimester abortion. Prior to the defendant's release from prison, a hearing was conducted to determine his risk level pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). Based on the risk assessment instrument, the defendant was a presumptive level two sex offender. The Supreme Court denied the People's application for an upward departure from the presumptive risk level, as well as the defendant's application for a downward departure. The defendant appeals.
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court "must exercise its discretion by weighing the aggravating and mitigating factors to determine whether the totality of the circumstances warrants a departure to avoid an over- or under-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Gillotti, 23 NY3d at 861; see People v Sneed, 202 AD3d 1007, 1008).
Here, although the defendant established the existence of certain mitigating factors, upon weighing the aggravating and mitigating factors, the totality of the circumstances did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Jimenez, 178 AD3d 1099, 1101; People v Sourverain, 171 AD3d 1225, [*2]1226; People v Madison, 98 AD3d 573, 574). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level two designation.
DUFFY, J.P., BARROS, RIVERA and MILLER, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court