People v Ortiz (2022 NY Slip Op 05872)

People v Ortiz

2022 NY Slip Op 05872

Decided on October 19, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 19, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
REINALDO E. RIVERA
JOSEPH J. MALTESE
LARA J. GENOVESI, JJ.

2021-03409

[*1]People of State of New York, respondent, 
v
Frank E. Ortiz, appellant. Salvatore C. Adamo, New York, NY, for appellant.

Raymond A. Tierney, District Attorney, Riverhead, NY (Kim Marie Carson and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Suffolk County (Chris Ann Kelley, J.), dated April 22, 2021, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of criminal sexual act in the first degree, rape in the first degree, and course of sexual conduct against a child in the first degree. Following a hearing pursuant to the Sex Offender Registration Act (Correction Law article 6-C; hereinafter SORA), the Supreme Court assessed the defendant 115 points, denied the defendant's application for a downward departure from his presumptive risk level, and designated him a level three sex offender. The defendant appeals.
The Supreme Court correctly determined that the People met their burden of proving by clear and convincing evidence the facts supporting the defendant's designation as a level three sex offender (see Correction Law § 168-n[3]; People v Mingo, 12 NY3d 563, 571; People v Permenter, 208 AD3d 905).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the [SORA] Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d 112, 128; see People v Gillotti, 23 NY3d 841, 861; see also Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). If the defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Gillotti, 23 NY3d at 861; People v Champagne, 140 AD3d 719, 720). Here, the alleged mitigating factors identified by the defendant were either adequately taken into account by the Guidelines (see People v McDaniel, 189 AD3d 1279, 1280; People v Ciccarello, 187 AD3d 1224, 1227; People v Rocano-Quintana, 149 AD3d 1114, 1115), or did not warrant a downward departure from the presumptive risk level.
Accordingly, the Supreme Court properly denied the defendant's application for a downward departure from his presumptive risk level and designated him a level three sex offender.
BRATHWAITE NELSON, J.P., RIVERA, MALTESE and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court