People v Canales (2023 NY Slip Op 03245)

People v Canales

2023 NY Slip Op 03245

Decided on June 14, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 14, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2022-01850

[*1]The People of the State of New York, respondent,
v
Adania Canales, appellant.

Laurette D. Mulry, Riverhead, NY (Felice B. Milani of counsel; Mark J. Ermmarino on the brief), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated February 9, 2022, which, after a hearing, designated her a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In this proceeding pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the County Court assessed the defendant 75 points on the risk assessment instrument, rendering the defendant a presumptive level two sex offender (see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 3-4 [2006] [hereinafter Guidelines]). The court denied the defendant's request for a downward departure from the presumptive risk level and designated her a level two sex offender. The defendant appeals.
In establishing a sex offender's appropriate risk level assessment under SORA, the People have "the burden of proving the facts supporting the determinations sought by clear and convincing evidence" (Correction Law § 168-n[3]; see People v Wyatt, 89 AD3d 112, 117-118; see also Guidelines at 5).
Contrary to the defendant's contention, the People established by clear and convincing evidence that 20 points should be assessed under risk factor 4 for a continuing course of sexual misconduct (see People v Lyons, 199 AD3d 722, 723; People v Brown, 194 AD3d 861). The case summary reflects that the defendant engaged in more than four acts of sexual misconduct over the course of approximately 11 months between November 1, 2015, and September 30, 2016, which constitutes clear and convincing evidence of a continuing course of sexual misconduct under the definition set forth in the Guidelines (see Guidelines at 10).
A defendant seeking a downward departure from the presumptive risk level has the initial burden of "(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence" (People v Wyatt, 89 AD3d at 128; see People v Gillotti, 23 NY3d 841, 861; see also Guidelines at 4). "If the [*2]defendant makes that twofold showing, the court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism" (People v Brocato, 188 AD3d 728, 728-729; see People v Gillotti, 23 NY3d at 861).
Here, the defendant failed to preserve for appellate review her contention that she should be granted a downward departure based on her acceptance of responsibility and her lack of prior convictions for sex crimes (see People v Worrell, 183 AD3d 602; People v Diaz, 169 AD3d 727). In any event, these factors were adequately taken into account by the Guidelines.
Since there was no evidence that the defendant's response to sex offender treatment was exceptional, her completion of sex offender treatment was not a ground for a downward departure (see People v Leung, 191 AD3d 1023; People v Jiminez, 178 AD3d 1099).
The fact that the total number of points assessed to the defendant was near the low end of the range for a presumptive level two designation did not, by itself, constitute a ground for a downward departure from the presumptive risk level (see People v Scott, 204 AD3d 948, 949; People v Nicholson, 195 AD3d 758).
Accordingly, the County Court properly designated the defendant a level two sex offender.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court