People v Cronin (2025 NY Slip Op 00997)

People v Cronin

2025 NY Slip Op 00997

Decided on February 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ANGELA G. IANNACCI, J.P.
LINDA CHRISTOPHER
DEBORAH A. DOWLING
PHILLIP HOM, JJ.

2022-10265

[*1]The People of the State of New York, respondent,
v
William Cronin, appellant. 

Stacy E. Albin-Leone, Long Beach, NY, for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Karla Lato and Lauren Tan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated November 3, 2022. The order, after a hearing, designated the defendant a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted after a jury trial of sodomy in the first degree (Penal Law former § 130.50[3]), course of sexual conduct against a child in the first degree (id. § 130.75[1]), sexual abuse in the first degree (id. § 130.65[3]), and endangering the welfare of a child (id. § 260.10[1]), and was sentenced to a determinate term of imprisonment of 21 years, to be followed by 5 years of postrelease supervision. After a hearing conducted pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA), the Supreme Court assessed the defendant 105 points, a presumptive risk level two designation, denied the defendant's application for a downward departure to a risk level one designation, and designated the defendant a level two sex offender.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Medina, 209 AD3d 775, 776, quoting People v Jones, 196 AD3d 515, 515 [internal quotation marks omitted]; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Simms, 232 AD3d 815, 815). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d at 776, quoting People v Sofo, 168 AD3d 891, 891-892; see People v Simms, 232 AD3d at 815).
Here, the defendant failed to demonstrate that his age at the time of the SORA hearing constituted an appropriate mitigating factor (see Guidelines at 5; People v Medina, 225 AD3d 798, 798; People v Adams, 220 AD3d 953, 954). Moreover, the purported mitigating factor consisting of the defendant's participation in sex offender treatment was adequately taken into account by the [*2]Guidelines (see People v Pareja-Hidalgo, 222 AD3d 892, 894), and the defendant failed to otherwise establish that his response to such treatment was exceptional (see id. at 893; People v Saunders, 209 AD3d 776, 778). Upon considering the other mitigating factors identified by the defendant, the totality of the circumstances did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Pareja-Hidalgo, 222 AD3d at 894; People v Drayton, 208 AD3d 903). Accordingly, the Supreme Court providently exercised its discretion in denying the defendant's application for a downward departure from his presumptive risk level two designation.
The defendant's remaining contention is without merit.
IANNACCI, J.P., CHRISTOPHER, DOWLING and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court