People v Calderon (2025 NY Slip Op 02941)

People v Calderon

2025 NY Slip Op 02941

Decided on May 14, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on May 14, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
HELEN VOUTSINAS
CARL J. LANDICINO
PHILLIP HOM, JJ.

2024-07108

[*1]The People of the State of New York, respondent, 
v
Wilton Calderon, appellant.

James D. Licata, New City, NY (Lois Cappelletti of counsel), for appellant.
Thomas E. Walsh II, District Attorney, New City, NY (Kerianne Morrissey of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Rockland County (Anne Bianchi, J.), dated July 1, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In 2017, the defendant was convicted in Wisconsin, upon his plea of guilty, of two counts of third degree sexual assault in violation of Wisconsin Statutes § 940.225(3) and another crime. Following his release from incarceration, the defendant relocated from Wisconsin to New York, and this proceeding was commenced pursuant to the Sex Offender Registration Act (Correction Law art 6-C; hereinafter SORA). After a SORA hearing, the County Court assessed the defendant 80 points on the risk assessment instrument, rendering him a presumptive level two sex offender, denied his application for a downward departure from the presumptive risk level, and designated him a level two sex offender. On appeal, the defendant contends that the court should have granted his application for a downward departure.
"'A defendant seeking a downward departure from the presumptive risk level has the initial burden of (1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the . . . Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Cronin, 235 AD3d 914, 914 [internal quotation marks omitted], quoting People v Medina, 209 AD3d 775, 776; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]). "If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism" (People v Cronin, 235 AD3d at 914-915 [internal quotation marks omitted]; see People v Medina, 209 AD3d at 776).
Here, the alleged mitigating factors consisting of the defendant's remorse for his conduct and his participation in sex offender treatment were adequately taken into account by the Guidelines (see People v Cronin, 235 AD3d at 915; People v Pareja-Hidalgo, 222 AD3d 892, 894). The defendant failed to establish that his response to such treatment was exceptional (see People v [*2]Cronin, 235 AD3d at 915; People v Pareja-Hidalgo, 222 AD3d at 894). Upon considering the other mitigating factors identified by the defendant, the totality of the circumstances did not warrant a departure to avoid an overassessment of the defendant's dangerousness and risk of sexual recidivism (see People v Cronin, 235 AD3d at 915; People v Pareja-Hidalgo, 222 AD3d at 894; People v Drayton, 208 AD3d 903).
Accordingly, the County Court providently exercised its discretion in denying the defendant's application for a downward departure.
CONNOLLY, J.P., VOUTSINAS, LANDICINO and HOM, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court