People v Fuentes (2025 NY Slip Op 06345)

People v Fuentes

2025 NY Slip Op 06345

Decided on November 19, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 19, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
PHILLIP HOM
SUSAN QUIRK, JJ.

2024-05483

[*1]The People of the State of New York, respondent,
v
Oscar A. Fuentes, appellant.

Laurette D. Mulry, Riverhead, NY (Mark J. Ermmarino of counsel), for appellant.
Raymond A. Tierney, District Attorney, Riverhead, NY (Kathleen Becker Langlan of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the County Court, Suffolk County (Karen M. Wilutis, J.), dated May 14, 2024, which, after a hearing, designated him a level two sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
The defendant was convicted, upon his plea of guilty, of rape in the second degree (Penal Law § 130.30[1]). After a hearing conducted pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C), the County Court found that the defendant was a presumptive level two sex offender, denied the defendant's application for a downward departure from his presumptive risk level, and designated the defendant a level two sex offender. The defendant appeals.
"A defendant seeking a downward departure from the presumptive risk level has the initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Canales, 217 AD3d 785, 785, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d 775, 776, quoting People v Sofo, 168 AD3d 891, 891-892).
The defendant failed to establish that a downward departure was warranted. While "[a] response to sex offender treatment may qualify as a ground for a downward departure where the defendant is able to demonstrate that his or her response is 'exceptional'" (People v Selin-Martinez, 229 AD3d 646, 647-648, quoting Guidelines at 17), here, the defendant failed to demonstrate that his response to sex offender treatment was exceptional (see id.; People v Coleman, 225 AD3d 792, 794). Further, "[t]he fact that the total number of points assessed to the defendant was near the low end of the range for a presumptive level two designation did not, by itself, constitute a ground for [*2]a downward departure from the presumptive risk level" (People v Canales, 217 AD3d at 786; see People v Santos, 235 AD3d 788, 788).
Accordingly, the County Court properly denied the defendant's application for a downward departure and designated the defendant a level two sex offender.
DUFFY, J.P., DOWLING, HOM and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court