People v Zaimah (2025 NY Slip Op 06743)

People v Zaimah

2025 NY Slip Op 06743

Decided on December 3, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on December 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
DEBORAH A. DOWLING
BARRY E. WARHIT
SUSAN QUIRK, JJ.

2022-03452

[*1]The People of the State of New York, respondent,
v
Bilal Zaimah, also known as Paul Ghee, appellant.

Patricia Pazner, New York, NY (Jenna Hymowitz of counsel), for appellant.
Eric Gonzalez, District Attorney, Brooklyn, NY (Leonard Joblove, Morgan J. Dennehy, and Daniel Berman of counsel), for respondent.

DECISION & ORDER
Appeal by the defendant from an order of the Supreme Court, Kings County (Guy J. Mangano, Jr., J.), entered January 21, 2022, which, after a hearing, designated him a level three sex offender pursuant to Correction Law article 6-C.
ORDERED that the order is affirmed, without costs or disbursements.
In December 1974, the defendant was convicted, upon a jury verdict, of two counts of rape in the first degree, one count of sodomy in the first degree, three counts of sexual abuse in the first degree, one count of kidnapping in the second degree, and three counts of sexual misconduct, among other crimes, under Indictment No. 2515/74. In April 1975, the defendant was convicted, upon his plea of guilty, of two counts of rape in the first degree and one count of kidnapping in the second degree, among other crimes, under Indictment No. 2516/74. In June 1984, the defendant was convicted, upon a jury verdict, of two counts of rape in the first degree and seven counts of sodomy in the first degree, among other crimes, under Indictment No. 5436/83.
In January 2022, the Supreme Court conducted a hearing pursuant to the Sex Offender Registration Act (SORA) (Correction Law art 6-C) with respect to SORA designations under each of the three indictments. In connection with the defendant's convictions under Indictment Nos. 2515/74 and 2516/74, the court assessed the defendant 130 points on the risk assessment instrument (hereinafter RAI), resulting in a presumptive risk level three designation. In connection with the defendant's conviction under Indictment No. 5436/83, the court assessed the defendant 145 points on the RAI, also resulting in a presumptive risk level three designation. The defendant sought a downward departure from his presumptive risk level to risk level two. The court, in effect, denied the defendant's application for a downward departure and designated the defendant a level three sex offender. The defendant appeals.
Although the Supreme Court should have set forth findings of fact and conclusions of law with respect to the defendant's application for a downward departure to a risk level two, as mandated by Correction Law § 168-n(3), remittal is not required since the record is sufficient for this Court to make its own findings of fact and conclusions of law (see People v Green, 229 AD3d 814, 814, lv granted 43 NY3d 907; People v McDaniel, 189 AD3d 1279, 1279).
"A defendant seeking a downward departure from the presumptive risk level has the [*2]initial burden of '(1) identifying, as a matter of law, an appropriate mitigating factor, namely, a factor which tends to establish a lower likelihood of reoffense or danger to the community and is of a kind, or to a degree, that is otherwise not adequately taken into account by the Guidelines; and (2) establishing the facts in support of its existence by a preponderance of the evidence'" (People v Canales, 217 AD3d 785, 785, quoting People v Wyatt, 89 AD3d 112, 128; see Sex Offender Registration Act: Risk Assessment Guidelines and Commentary at 4 [2006] [hereinafter Guidelines]; People v Gillotti, 23 NY3d 841, 861). "'If the defendant makes that twofold showing, the SORA court must exercise its discretion by weighing the mitigating factor to determine whether the totality of the circumstances warrants a departure to avoid an over-assessment of the defendant's dangerousness and risk of sexual recidivism'" (People v Medina, 209 AD3d 775, 776, quoting People v Sofo, 168 AD3d 891, 891-892).
Here, as the People contend, the Supreme Court properly, in effect, denied the defendant's application for a downward departure to risk level two. The defendant failed to demonstrate that his age at the time of the SORA hearing minimized his risk of reoffense (see People v Colon, 235 AD3d 665, 667; People v Adams, 220 AD3d 953, 954). Moreover, the remaining purported mitigating factor identified by the defendant was already taken into account by the Guidelines (see People v Colon, 235 AD3d at 667; People v Boubacar, 222 AD3d 409).
Accordingly, the Supreme Court properly, in effect, denied the defendant's application for a downward departure and designated the defendant a level three sex offender.
DUFFY, J.P., DOWLING, WARHIT and QUIRK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court